# EXHIBIT A

CHARLES G. SMITH, State Bar No. 116242
 charlie@CharlesGSmithLaw.com
DANA M. SILVA, State Bar No. 271920
 dana@CharlesGSmithLaw.com
LAW OFFICES OF CHARLES G. SMITH, APC
15303 Ventura Boulevard, Suite 1650
Sherman Oaks, California 91403-6620
Telephone: 310-401-1370
Facsimile: 818-382-3433

Attorneys for Plaintiff Adam Weintraub,
doing business as Malibu Estates

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 02 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

ADAM WEINTRAUB, doing business as
MALIBU ESTATES,

　　　　　　　　　Plaintiff,

　　　v.

SOTHEBY'S INTERNATIONAL
REALTY, INC., a Michigan corp.;
MARCUS BECK, an individual; and
DOES 1 through 10, inclusive,

　　　　　　　　　Defendant.

Case No.　**BC 712081**

**COMPLAINT FOR UNFAIR
COMPETITION UNDER LANHAM
ACT, 15 U.S.C. § 1125(a); COMMON
LAW TRADE NAME
INFRINGEMENT; AND UNFAIR
COMPETITION UNDER BUSINESS &
PROFESSIONS CODE § 17200 *ET
SEQ.***

Plaintiff Adam Weintraub an individual doing business as Malibu Estates

("Plaintiff" or "Malibu Estates"), by and through his attorneys of record, for its Complaint

against Defendants Sotheby's International, Inc. and Marcus Beck (collectively,

"Defendants"), alleges, on knowledge as to his own actions, and otherwise upon

information and belief, as follows:

## NATURE OF THE ACTION

　　1.　　This is an action for unfair competition under Section 43 of the Lanham Act,

15 U.S.C. § 1125(a), for common law trade name infringement, and for unfair competition

under California Business & Professions Code § 17200 *et seq.*, all arising from

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1 │ Defendants' unauthorized use of the trade name "Malibu Estates" in connection with

2 │ Defendants' real estate business.

3 │     2.    Plaintiff seeks injunctive relief, restitution, an award of actual damages,

4 │ Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

5 │ the action, together with prejudgment and post-judgment interest.

6 │ **THE PARTIES**

7 │     3.    Plaintiff, and at all relevant times was, an individual residing in the City and

8 │ County of Los Angeles in the State of California.  Continuously since 2003 through the

9 │ present, Plaintiff has been licensed by the State of California to act as a real estate broker.

10 │ Since 2011, Plaintiff has been acting as a licensed real estate broker under the fictitious

11 │ business name "Malibu Estates."  Plaintiff acts as a full service real estate broker

12 │ throughout California, including in Los Angeles County and in the City of Malibu.

13 │     4.    Defendant Sotheby's International Realty, Inc. ("Sotheby's"), upon

14 │ information and belief, is, and at all relevant times was, a Michigan corporation that is

15 │ licensed by the State of California to act as a real estate broker.

16 │     5.    Defendant Marcus Beck ("Beck") is, and at all relevant times was, an

17 │ individual residing in the State of California.  At all relevant times, Beck was and still is an

18 │ employee and salesperson of Sotheby's.  Beck is not a licensed by the State of California

19 │ to act as a real estate broker; however, upon information and belief, Beck works under the

20 │ Sotheby's license in providing real estate services to Sotheby's clients.

21 │     6.    Sotheby's and Beck are head-to-head competitors of Plaintiff.

22 │     7.    At all times alleged in this Complaint, Beck was the agent and/or employee

23 │ of co-Defendant Sotheby's and, in doing these things hereinafter alleged, were acting

24 │ within the course and scope of the agency and with the permission and consent of co-

25 │ Defendant Sotheby's and/or all of the acts hereinafter alleged were expressly authorized

26 │ and/or ratified by Sotheby's.

27 │     8.    Plaintiff is unaware of the true names and capacities of the Defendants sued

28 │ herein as Does 1-10, inclusive, and therefore Plaintiff sues the Doe Defendants by such

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW
TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

LAW OFFICES OF CHARLES G. SMITH, APC
16303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1 fictitious names. Plaintiff will seek to amend this Complaint to show the true names and

2 capacities of Does 1-10, inclusive, when their true names and capacities have been

3 ascertained. Plaintiff is informed and believes and on that basis alleges, that each of the

4 Doe Defendants is in some manner responsible for the acts and/or omissions herein

5 alleged, and that the damages herein alleged were directly and proximately caused by such

6 conduct.

7        9.     Plaintiff is informed and believes, and upon such basis and belief alleges,

8 that Does 1-10 inclusive, and each of them, were at all times mentioned herein the agents,

9 representatives, and/or employees of Sotheby's and Beck, inclusive, or otherwise acting

10 with the full knowledge and consent of each other. Plaintiff is further informed and

11 believes, and upon such basis and belief alleges, that in doing all of the things alleged in

12 this Complaint, Does 1-10 and each of them, were acting within the scope and authority of

13 their agency, servitude, or employment and were acting with the express and/or implied

14 knowledge, permission, and consent of one or more of the other defendants. In this

15 complaint, the term "Defendants" refers collectively to Sotheby's, Beck, and Does 1-10.

16 **<u>JURISDICTION AND VENUE</u>**

17       10.     This Court has personal jurisdiction over the Defendants. Beck is a

18 California resident who works in Los Angeles County. Plaintiff is an individual and

19 Sotheby's is a corporation, both of whom do business in Los Angeles County. Defendants

20 committed the principal acts alleged in this Complaint in Los Angeles County.

21       11.     Venue is proper because the events giving rise to this action occurred in Los

22 Angeles County.

23 **<u>FACTUAL BACKGROUND</u>**

24 **<u>Plaintiff and his Trade Name "Malibu Estates."</u>**

25       12.     Plaintiff is a real estate broker who has operated continuously since 2011

26 under the name "Malibu Estates." Plaintiff has a license through the California State

27 Bureau of Real Estate.

28

p Complaint (Malibu Estates).docx

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW
TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

13.   Plaintiff is the owner of the trade name Malibu Estates (hereinafter referred to as the "Trade Name").

14.   On or about June 27, 2011, Plaintiff submitted a Fictitious Business Name Statement regarding the name "Malibu Estates." Plaintiff filed the Fictitious Business Name Statement with the Los Angeles County. A true and correct a copy of Plaintiff's Fictitious Business Name Statement is hereto as **Exhibit 1**.

15.   On or about August 1, 2011, the California Bureau of Real Estate approved Plaintiff's use of the fictitious business name "Malibu Estates." A true and correct a copy of Plaintiff's current license and a record from the California Bureau proving Plaintiffs' right to provide real estate broker services under the name "Malibu Estates" is hereto as **Exhibit 2**.

16.   Plaintiff has used the Trade Name in commerce, including in marketing and promotions on the internet (*e.g.*, www.MalibuEstates.Net), including throughout the United States, continuously since August 1, 2011. Attached hereto as **Exhibit 3** are copies of materials showing Plaintiff's use of the Trade Name in connection with these services.

17.   As a result of its widespread, continuous and exclusive use of the Trade Name to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal and state statutory and common law rights to the Trade Name.

18.   Plaintiff's Trade Name is distinctive to both the consuming public and Plaintiff's trade.

19.   Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting services under the Trade Name including through Plaintiff's marketing, advertising, and promotional efforts and channels for services under the Trade Name.

20.   Plaintiff provides and sells services under the Trade Name in trade channels through which real estate services are provided.

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

p Complaint (Malibu Estates).docx

4

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

21.     Plaintiff offers and sells its services under its Trade Name to persons in California who need to purchase or sell real property or who need to enter into a lease concerning real property.

22.     The services Plaintiff offers under the Trade Name are of high quality.

23.     As a result of Plaintiff's expenditures and efforts, the Trade Name has come to signify the high quality of the services designated by the Trade Name, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

24.     Plaintiff has scrupulously protected his Trade Name against infringements. When it learned of its unlawful activities, Plaintiff immediately reached out to Defendants and demanded that they cease and desist from infringing on the Trade Name.

**Defendants' Unlawful Activities.**

25.     Upon information and belief, Defendants are engaged in the real estate broker business.  Sotheby's typically operates under the name "Sotheby's" and Beck operates under the name "Marcus Beck."  However, upon information and belief, in or about 2013, Beck began marketing his services as "Malibu Estates" and continues to do so. In 2014, Beck marketed his services as "Malibu Estates" in connection with Sotheby's and, upon information and belief, with Sotheby's knowledge, approval, and/or ratification.

26.     With Sotheby's knowledge, approval, and/or ratification, Beck established the website, www.malibuestates.com (the "Website").  Defendants used the Website to post real estate listings, making statements including such comments as "Malibu Estates is your one stop solution for Malibu Real Estate services" and "[a]t Malibu Estates, you will find an exclusive connection of Malibu beach houses for sale."  The Website applied to other online advertisings as well.  In certain advertisements on the Website, Beck is listed as the agent for the properties described on the Website and Sotheby's name is included at the bottom.  Attached as **Exhibit 4** is an example of the marketing on the Website that references both Beck and Sotheby's.  The advertisements on the Website also violated RE 559 by failing to disclose the CalBRE License number affiliated with the listing agent. (Defendants used the CalBRE License number of another individual who, upon

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1  information and belief, is unrelated to this issue in an effort to hide or deflect Defendants'

2  connection to this marketing.)  Further, in online PR media (www.onlineprnew.com), the

3  site contained a headline "Malibu Estates Announces Sale of a Listing . . . ."  The article

4  relates to Defendants' real estate listings.

5       27.      The BRE investigated Defendants and, on or about July 8, 2016, the Los

6  Angeles Enforcement Office of the BRE, in case number CalBRE 1-15-0417-009 and/or 1-

7  16-0502-005, contacted Sotheby's, as Beck's broker of record, and ordered Defendants to

8  cease and desist from the usage of and marketing of any services under the Trade Name.

9       28.      However, despite the fact that the BRE ordered Defendants to cease and

10  desist the using and marketing under the Trade Name, Defendants continued to do so.

11       29.      On or about March 13, 2018, a Google search of the name "Marcus Beck"

12  brought up the following: "https:///www.marcusbeck.com/ Malibu Estates specializes in

13  Malibu real estate, browse our listings of homes for sale, luxury homes, beachfront

14  properties, homes for rent, rental properties and land for sale in Malibu, California."  Such

15  information shows that Beck inserted the statement about Malibu Estates in source code

16  for the website https:///www.marcusbeck.com/.  In addition, a search on smartphones for

17  "Malibu Estates" brings up Defendants' office address at 23405 Pacific Coast Highway as

18  well as a map, attempting to steer clients searching for Malibu Estates to Defendants.

19       30.      Beck also continued to disseminate advertising and marketing indicating that

20  "Malibu Estates" is the listing agent on properties that Defendants are trying to sell.

21       31.      As a result of Defendants' advertisings and marketing, Plaintiff has been

22  asked if Plaintiff works for Beck, an unlicensed real estate broker.

23       32.      Upon information and belief, Plaintiffs and Beck hold themselves out to the

24  public as "Malibu Estates."  Upon information and belief, Defendants have provided,

25  marketed, advertised, promoted, offered real estate broker services and have assisted in

26  purchasing and selling real property using the Trade Name.

27       33.      On March 13, 2018, Plaintiff's counsel sent a cease and desist letter to

28  Defendants objecting to Defendants' use of the Trade Name.  Attached hereto as **Exhibit 5**

p Complaint (Malibu Estates).docx

6

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1  is a true and correct copy of Plaintiff's counsel's March 13, 2018 cease and desist letter to

2  Defendants.  To date, Defendants have not complied with the demands set out in Plaintiff's

3  counsel's cease and desist letter.

4      34.    Defendants' infringing acts as alleged herein have caused and are likely to

5  cause confusion, mistake, and deception among the relevant consuming public as to the

6  source or origin of Defendants' services and have and are likely to deceive the relevant

7  consuming public into believing, mistakenly, that Defendants' services originate from, are

8  associated or affiliated with, or otherwise authorized by Plaintiff.  The infringing acts as

9  alleged herein have resulted in actual confusion.

10     35.    Upon information and belief, Defendants' acts are willful with the deliberate

11  intent to trade on the goodwill of Plaintiff's Trade Name, cause confusion and deception in

12  the marketplace, and, as a result, reduce the number of potential sales of Plaintiff's

13  services.

14     36.    Defendants' acts are causing, and unless restrained, will continue to cause

15  damage and immediate irreparable harm to Plaintiff and to its valuable reputation and

16  goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

17  **FIRST CLAIM FOR RELIEF**

18  **[Unfair Competition -15 U.S.C. § 1125(a)]**

19  **[Against All Defendants]**

20     37.    Plaintiff repeats and re-alleges paragraphs 1 through 36, inclusive, hereof, as

21  if fully set forth herein.

22     38.    Defendants' unauthorized use in commerce of the Trade Name as alleged

23  herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

24  Defendants' services, and is likely to cause consumers to believe, contrary to fact, that

25  Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that

26  Defendants are in some way affiliated with or sponsored by Plaintiff.

27

28

p Complaint (Malibu Estates).docx

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW
TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

39.     Defendants' unauthorized use in commerce of the Trade Name as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

41.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

43.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### [Trade Name Infringement – Common Law]

### [Against All Defendants]

44.     Plaintiff repeats and re-alleges paragraphs 1 through 36, 38 through 43, inclusive, hereof, as if fully set forth herein.

45.     By reason of Plaintiff's continuous use and promotion of the Trade Name, as well as the distinctiveness of the Trade Name, consumers associate and recognize the Trade Name as representing a single company providing services as a real estate broker, and therefore Plaintiff's Trade Name is protectable at common law.

46.     Plaintiff owns and enjoys common law rights in the Trade Name, which rights are superior to any rights that Defendants may claim in and with respect to Defendants' business name.  Plaintiff's Trade Name is inherently distinctive and has

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

p Complaint (Malibu Estates).docx

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

1  acquired secondary meaning with the trade and consuming public, and/or has become

2  distinctive in the minds of customers, in that the mark is associated with Plaintiff.

3       47.    Defendants' unauthorized use in commerce of the Trade Name as alleged

4  herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

5  Defendants' services, and is likely to cause consumers to believe, contrary to fact, that

6  Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that

7  Defendants are in some way affiliated with or sponsored by Plaintiff.  Defendants' conduct

8  therefore constitutes Trade Name infringement in violation of common law and Business

9  and Professions Code ("B&P") §§ 14411, 14493.

10      48.    Upon information and belief, Defendants have committed the foregoing acts

11  of infringement with full knowledge of Plaintiff's prior rights in the Trade Name and with

12  the willful intent to cause confusion and trade on Plaintiff's goodwill, even after the State

13  of California BRE ordered Defendants to cease and desist all usage of the Trade Name.

14      49.    Defendants' conduct is causing immediate and irreparable harm and injury to

15  Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and

16  confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

17                    **THIRD CLAIM FOR RELIEF**

18              **[Unfair Competition - B&P § 17200 *et seq.*]**

19                    **[Against All Defendants]**

20      50.    Plaintiff repeats and re-alleges paragraphs 1 through 36, 38 through 43, 45

21  through 49, inclusive, hereof, as if fully set forth herein.

22      51.    Defendants' unauthorized use in commerce of the Trade Name as alleged

23  herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

24  Defendants' services, and is likely to cause consumers to believe, contrary to fact, that

25  Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that

26  Defendants are in some way affiliated with or sponsored by Plaintiff.

27

28

p Complaint (Malibu Estates).docx

9

52.     Defendants' unauthorized use in commerce of the Trade Name as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

53.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

54.     Defendants' conduct as alleged herein constitutes unfair competition in violation of B&P §17200.

55.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

54.     Plaintiff is entitled to, among other relief, injunctive relief and an award for restitution.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1.     Granting a preliminary and permanent injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those acting in concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.     providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote any real estate brokerage services using the name "Malibu Estates" or any other name that is a confusingly similar variation or colorable imitation of Plaintiff's Trade Name;

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

p Complaint (Malibu Estates).docx

10

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW
TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

1            b.      engaging in any activity that infringes Plaintiff's rights in its Trade

2    Name;

3            c.      engaging in any activity constituting unfair competition with Plaintiff;

4            d.      engaging in any activity that is likely to dilute the distinctiveness of

5    Plaintiff's Trade Name;

6            e.      making or displaying any statement, representation, or depiction that

7    is likely to lead the public or the trade to believe that (i) Defendants' services are in any

8    manner approved, endorsed, licensed, sponsored, authorized, or franchised by or

9    associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in

10   any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or

11   associated, affiliated, or otherwise connected with Defendants;

12           f.      using or authorizing any third party to use in connection with any

13   business or services any false description, false representation, or false designation of

14   origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate

15   such business and/or services with Plaintiff or tend to do so;

16           g.      registering or applying to register any trademark, service mark,

17   domain name, trade name, or other source identifier or symbol of origin consisting of or

18   incorporating the mark Pure Moving or any other mark that infringes or is likely to be

19   confused with Plaintiff's Trade Name, or any services of Plaintiff, or Plaintiff as their

20   source; and

21           h.      aiding, assisting, or abetting any other individual or entity in doing

22   any act prohibited by sub-paragraphs (a) through (g).

23           2.      That Defendants, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C.

24   § 1116(a), file with the court and serve upon Plaintiff's counsel within thirty (30) days

25   after service on Defendants of an injunction in this action, or such extended period as the

26   court may direct, a report in writing under oath, setting forth in detail the manner and form

27   in which Defendants have complied therewith;

28

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

p Complaint (Malibu Estates).docx

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW
TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

LAW OFFICES OF CHARLES G. SMITH, APC
16303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

3.      That Defendants immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Trade Name or any other name that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Trade Name, and to direct all other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, catalogs, shopping bags, boxes, containers, advertisements, signs, displays, and other materials featuring or bearing the Trade Name or any other name that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Trade Name, and to immediately remove them from public access and view;

4.      That Defendants recall and deliver up for destruction or other disposition all advertisements, promotions, signs, displays, and related materials incorporating or bearing the Trade Name or any other name that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Trade Name;

5.      That Defendants formally abandon with prejudice any and all of its applications to register the name "Malibu Estates" or any mark consisting of, incorporating, or containing Plaintiff's Trade Name or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry;

6.      That Defendants cancel with prejudice any and all of its registrations for the mark "Malibu Estates" or any mark consisting of, incorporating or containing Plaintiff's Trade Name or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry;

7.      That Defendants be adjudicated to have violated common law and B&P §§ 14411, 14493, and 17200 *et seq.* by infringing on Plaintiff's Trade Name and engaging in unfair competition relating to the use of Plaintiff's Trade Name;

p Complaint (Malibu Estates).docx

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

8.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

9.      That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' misconduct;

10.      That Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

11.      That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

12.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

13.      That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition and false advertising under federal law and California common law;

14.      That Plaintiff be awarded restitution under B&P § 17200;

15.      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

/ / /

/ / /

/ / /

/ / /

p Complaint (Malibu Estates).docx

COMPLAINT FOR UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(a); COMMON LAW TRADE NAME INFRINGEMENT; AND UNFAIR COMP. UNDER B&P § 17200 ET SEQ.

16.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums;

17.     Awarding such other and further relief as the Court deems just and proper.

DATED: July 1, 2018                    LAW OFFICES OF CHARLES G. SMITH, APC

By: _____

Charles G. Smith
Attorneys for Plaintiff Adam Weintraub, doing business as Malibu Estates

LAW OFFICES OF CHARLES G. SMITH, APC
16303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1270 • Fax 818-382-3433

# EXHIBIT 1

2011 054371



FILED
Jun 27 2011

Dean C. Logan, Registrar – Recorder/County Clerk

Electronically signed by CHRISTINE JOH

YOUR RETURN MAILING ADDRESS

NAME: *ADAM WEINTRAUB*

ADDRESS: *4050 TARRYBRAE TERRACE*

CITY: *TARZANA*   STATE: *CA*   ZIP CODE: *91356*

## FICTITIOUS BUSINESS NAME STATEMENT
### TYPE OF FILING AND FILING FEE (Check one)

☒ Original- $26.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)   ☐ New Filings- $26.00 (CHANGES IN FACTS FROM ORIGINAL FILING- REQUIRES PUBLICATION)
☐ Refile- $26.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)
$5.00- FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION  $5.00- FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

*1. MALIBU ESTATES*   *2. MALIBU ESTATES REALTY*

Print Fictitious Business Name(s)

** *4050 TARRYBRAE TERRACE*
Street address of principal place of business   Mailing address if different

*TARZANA, CA. 91356   L.A.*
City | State | Zip   COUNTY   City   State   Zip

Articles of Incorporation or Organization Number (if applicable): AI #ON_____

*** REGISTERED OWNER(S):

1. *ADAM WEINTRAUB*   2.
Full Name/Corp/LLC (P.O. Box not accepted)   Full Name/Corp/LLC (P.O. Box not accepted)

*4050 TARRYBRAE TERRACE*
Residence Address   Residence Address

*TARZANA, CA. 91356*
City | State | Zip   City   State   Zip

If Corporation or LLC – Print State of Incorporation/Organization   If Corporation or LLC – Print State of Incorporation/Organization

3.   4.
Full Name/Corp/LLC (P.O. Box not accepted)   Full Name/Corp/LLC (P.O. Box not accepted)

Residence Address   Residence Address

City | State | Zip   City   State   Zip

If Corporation or LLC – Print State of Incorporation/Organization   If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**** THIS BUSINESS IS CONDUCTED BY: (Check one)
☒ an Individual   ☐ a General Partnership   ☐ a Limited Partnership   ☐ a Limited Liability Company
☐ an Unincorporated Association other than a Partnership   ☐ a Corporation   ☐ a Trust   ☐ Copartners
☐ Husband and Wife   ☐ Joint Venture   ☐ State or Local Registered Domestic Partners   ☐ a Limited Liability Partnership

***** The registrant commenced to transact business under the fictitious business name or names listed above on *N/A*
(Insert N/A if you haven't started to transact business)

### I declare that all information in this statement is true and correct.
(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

REGISTRANT/CORP/LLC NAME (PRINT) *ADAM WEINTRAUB*   TITLE *OWNER/PROPRIETOR*

REGISTRANT SIGNATURE *Adam Weintraub*   IF CORP OR LLC, PRINT NAME

If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.
This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.
NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON
WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE
IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS
OF A REGISTERED OWNER.  A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER
UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).
*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*   BY:_____, Deputy

Rev. 09/2010   P.O. BOX 1208, NORWALK, CA 90651-1208   PH: (562) 462-2177   WEB ADDRESS: LAVOTE.NET

2011 054371



FILED
Jun 27 2011

Dean C. Logan, Register – Recorder/County Clerk

Electronically signed by CHRISTINE JUN

## ADDITIONAL FICTITIOUS BUSINESS NAMES

| FICTITIOUS BUSINESS NAME |
| --- |
| MALIBU PREVIEWS |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

| FICTITIOUS BUSINESS NAME |
| --- |
| |

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JUN   27   2011

Dean C. Logan
LOS ANGELES COUNTY, CALIFORNIA

REGISTRAR-RECORDER/COUNTY CLERK
COUNTY OF LOS ANGELES · CALIFORNIA

# EXHIBIT 2

# STATE OF CALIFORNIA
# BUREAU OF REAL ESTATE

The license information shown below represents public information taken from the Bureau of Real Estate(CalBRE) database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Bureau of Real Estate on 6/27/2018 1:32:49 PM

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Weintraub, Adam Ross |
| **Mailing Address:** | 23838 PACIFIC COAST HWY # 372<br>MALIBU, CA 90265 |
| **License ID:** | 01221622 |
| **Expiration Date:** | 04/13/19 |
| **License Status:** | LICENSED |
| **Salesperson License Issued:** | 04/23/97 (Unofficial -- taken from secondary records) |
| **Broker License Issued:** | 04/14/03 |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 4050 TARRYBRAE TERRACE<br>TARZANA, CA 91356 |
| **DBA** | California Realty And Associates<br>ACTIVE FROM 04/17/2003 TO 11/13/2017<br><br>California Realty Associates<br>ACTIVE FROM 11/04/2010 TO 11/13/2017<br><br>Fidelity Home Loans<br>ACTIVE FROM 11/04/2010 TO 07/09/2013<br><br>LA's Premier Estates<br>ACTIVE FROM 11/22/2010 TO 11/13/2017<br><br>Malibu Beach Estates<br>ACTIVE AS OF 08/15/2014<br><br>Malibu Estates<br>ACTIVE AS OF 08/01/2011<br><br>Malibu Estates and Lifestyle<br>ACTIVE AS OF 11/06/2017<br><br>Malibu Estates Realty<br>ACTIVE AS OF 08/01/2011 |

www2.dre.ca.gov/PublicASP/pplinfo.asp?License_id=01221622

Malibu Previews
ACTIVE AS OF 08/01/2011

Manhattan Beach Estates
ACTIVE AS OF 03/23/2018

Manhattan Beach Realty
ACTIVE AS OF 03/23/2018

MER
ACTIVE AS OF 12/19/2014

MER Commercial
ACTIVE AS OF 12/19/2014

Pacific Mortgage
ACTIVE FROM 10/06/2006 TO 07/09/2013

Premier LA Estates
ACTIVE FROM 11/22/2010 TO 11/13/2017

**Branches:**                          NO CURRENT BRANCHES

**Affiliated Licensed Corporation(s):** NO CURRENT AFFILIATED CORPORATIONS

**Salespersons:**                      02015403 - Ismailyan, Anton
                                       License Expiration Date: 10/03/2020

                                       01952452 - Story, Saidah Z
                                       License Expiration Date: 03/09/2021

**Comment:**                           NO DISCIPLINARY ACTION

                                       NO OTHER PUBLIC COMMENTS

                                       >>>> Public information request complete <<<<

# State of California

## Bureau of Real Estate

# Real Estate Broker License

## Adam Ross Weintraub

**MAIN OFFICE ADDRESS**
4050 TARRYBRAE TERRACE
TARZANA, CA 91356

**FICTITIOUS BUSINESS NAME**
- MALIBU BEACH ESTATES
- MALIBU ESTATES
- MALIBU ESTATES AND LIFESTYLE
- MALIBU ESTATES REALTY
- MALIBU PREVIEWS
(Continued)



*Real Estate Commissioner*

*Expires:* **April 13, 2019**

*Identification Number:* **01221622**    *Issued:* **November 06, 2017**

# State of California

## Bureau of Real Estate

# Real Estate Broker License

## Adam Ross Weintraub

**MAIN OFFICE ADDRESS**
4050 TARRYBRAE TERRACE
TARZANA, CA 91356

**FICTITIOUS BUSINESS NAME**
- MER
- MER COMMERCIAL

Identification Number: 01221622    Issued:    November 06, 2017



Real Estate Commissioner

Expires:    April 13, 2019

# EXHIBIT 3





Keychains: Back Side



# PROPERTIES LEASED BY ADAM WEINTRAUB



20924 Pacific Coast Hwy
$4,800 A Month

5851 Filaree Heights
$5,800 A Month

MalibuEstates@Hotmail.com



6035 Murphy Way
$22,000 A Month / 4 Year Lease

1384 Via Romero
$7,500 A Month

Malibu Estates



28902 Verde Mesa Ln
$14,500 A Month

24609 Skyline View Dr
$7,000 A Month

MalibuEstates@Hotmail.com



# EXHIBIT 4



# EXHIBIT 5

LAW OFFICES OF CHARLES G. SMITH, APC

15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
TELEPHONE 310-401-1370
FACSIMILE 818-382-3433
CHARLESGSMITHLAW.COM

File No. 4027-001

March 13, 2018

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Francis George Symons, Jr.
Executive Vice President & Chief
    Operating Officer, Western Region
Sotheby's International Realty, Inc.
9665 Wilshire Boulevard, Suite 400
Beverly Hills, CA 90212

Re:  *Adam Weintraub dba Malibu Estates v. Sotheby's International Realty,*
      *Inc., Marcus Beck, and  Francis George Symons, Jr.*

**DEMAND THAT SOTHEBY'S CEASE AND DESIST FROM**
**USING THE NAME "MALIBU ESTATES" AND DEMAND FOR**
**DAMAGES.**

Dear Mr. Symons:

    Please be advised that this firm represents Adam Weintraub, an individual who
has operated for years as a licensed real estate broker under the name "Malibu Estates."
We hereby demand that Sotheby's International Realty, Inc. ("Sotheby's") and Marcus
Beck, a salesperson of Sotheby's, cease and desist from using Mr. Weintraub's business
name, Malibu Estates, in its marketing, advertisings, and promotions.

    On June 27, 2011, Mr. Weintraub filed a Fictitious Business Name Statement and
the required forms for approval with the State of California, Bureau of Real Estate, giving
him the right to act as a licensed real estate broker under the name "Malibu Estates."  Mr.
Weintraub has been operating his real estate business under the name "Malibu Estates"
ever since.  Mr. Weintraub's real estate broker's license with the State of California,
Bureau of Real Estate, formally recognizes that Mr. Weintraub has an *exclusive* right to
operate his real estate business under the name "Malibu Estates."

    As you know, on approximately July 8, 2016, the Los Angeles Enforcement
Office of the Bureau of Real Estate (the "LAEO-BRE"), in case number CalBRE 1-16-
0502-005, contacted you, as Mr. Beck's broker of record.  The LAEO-BRE inquired

LAW OFFICES OF CHARLES G. SMITH, APC

Francis George Symons, Jr.
March 13, 2018
Page 2


about the fact that you, Sotheby's, and Mr. Beck were improperly using the name "Malibu Estates" in the course of your and their real estate practice.

Most significantly, the LAEO-BRE expressly instructed Mr. Beck "to immediately cease further usage of the dba 'Malibu Estates' in the course of his real estate practice and to remove said dba from his business related advertisements on his websites."

While the LAEO-BRE believed that Mr. Beck was in compliance with this directive as of March 7, 2017, our investigation reveals that Mr. Beck has continued to use, *and is still using*, the dba "Malibu Estates" in the course of Mr. Beck's, and by extension Sotheby's, real estate practice. For example, as of the date of this letter, a Google search of the name "Marcus Beck" turns up the following:

> "Marcus Beck
> "https:///www.marcusbeck.com/
> "Malibu Estates specializes in Malibu real estate, browse our listings
> of homes for sale, luxury homes, beachfront properties, homes for
> rent, rental properties and land for sale in Malibu, California."

This statement strongly implies that Mr. Beck's business name *is* "Malibu Estates." The only way that statement could appear is if Mr. Beck had arranged to have the quoted language inserted into the source code for his website, www.marcusbeck.com. In even more troubling instances, Mr. Beck has disseminated marketing and advertisements indicating that "Malibu Estates" is the listing agent on properties that Mr. Beck is trying to sell. As you and Sotheby's are Mr. Beck's employing broker, you and Sotheby's are undoubtedly liable for Mr. Beck's defiance of the LAEO-BRE's order as well as misconduct, and illegal activities.

Regarding damages, we have evidence that Mr. Beck used the business name "Malibu Estates" in connection with the sale of 25 properties, resulting in total gross commissions of $4,607,241.35. In addition, Mr. Beck currently lists properties for sale using the name "Malibu Estates." If Mr. Beck/Sotheby's close escrow on these properties, Mr. Weintraub's damages would increase by $1,495,950.00. Among other things, these wrongful actions constitute: (a) a violation of Mr. Weintraub's rights to his business name and (b) an unfair business practice under California Business and Professions Code §17200. Given that Mr. Beck's actions were intentional and knowingly violated Mr. Weintraub's rights and given that Mr. Beck has continued to operate in direct violation of the LAEO-BRE express instruction that Mr. Beck cease using the business name "Malibu Estates" in his real estate practice and in connection with his

LAW OFFICES OF CHARLES G. SMITH, APC

Francis George Symons, Jr.
March 13, 2018
Page 3

business-related advertisements, Mr. Beck is not entitled to receive commissions arising from these sales.

Mr. Weintraub also has experienced instances where others in the real estate business have asked Mr. Weintraub if he (Mr. Weintraub) ***works for*** Mr. Beck.  Such occurrences are demeaning and embarrassing, as Mr. Weintraub properly runs his own business under the name "Malibu Estates" and is a licensed real estate broker. Assumptions by others as a result of Mr. Beck's false advertising that Mr. Weintraub is nothing more than an assistant and lackey for Mr. Beck, an unlicensed broker, is humiliating to say the least.  Without question, Mr. Beck's illegal actions have substantially harmed Mr. Weintraub's reputation.

Accordingly, we demand that Mr. Weintraub be paid $4,607,241.35 for lost commissions, plus an additional $7,500,000.00 for damages to his reputation and punitive damages.  Moreover, if Mr. Beck/Sotheby's closes escrow on the properties for sale on Mr. Beck's website, Mr. Weintraub's damages would increase by $1,495,950.00.  Thus, the total amount of damages is likely $13,603,191.35.

We further demand that Mr. Beck and Sotheby's confirm that Mr. Beck will remove all marketing and advertisings relating to the business name "Malibu Estates." This should include a deletion of source code connecting Mr. Beck to the name "Malibu Estates" to ensure that the business name "Malibu Estates" does not link to Mr. Beck or Sotheby's.

If we do not hear from you within ten (10) days from the date of this letter, we will assume that you have no interest in resolving this matter informally and will proceed accordingly.

We look forward to hearing from you.

LT-C Smith to FG Symons Sotheby's & Beck (3-13-18).docx

LAW OFFICES OF CHARLES G. SMITH, APC

Francis George Symons, Jr.
March 13, 2018
Page 4


        Nothing in this letter is intended to be, or should be construed as, a waiver of any of Mr. Weintraub's rights or remedies, all of which are expressly reserved.

                                    Sincerely yours,

                                    Charles G. Smith
                                    charlie@CharlesGSmithLaw.com

CGS:st