JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEINTRAUB, doing business as MALIBU ESTATES and MALIBU BEACH ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>SOTHEBY'S INTERNATIONAL REALTY, INC., a Michigan corporation; MARCUS BECK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-6922-AB (KSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Adam Weintraub, doing business as Malibu Estates and Malibu Beach Estates ("Plaintiff"), filed a Complaint in Los Angeles County Superior Court on July 2, 2018. Complaint (Dkt. No. 2-1). On August 14, 2018, Defendants Sotheby's International Realty, Inc., Marcus Beck, and DOES 1 through 10, inclusive ("Defendants") properly removed the case to this Court. *See* Notice of Removal (Dkt. No. 2). On August 21, 2018, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Motion to Dismiss (Dkt. No. 15). Plaintiff opposed the motion, and Defendants filed a reply. Dkt. Nos. 22, 24, 25. The Court heard oral argument on October 26, 2018 and granted Defendants' Motion to Dismiss Plaintiff's

| | |
|---|---|
| 1 | Complaint without prejudice on November 1, 2018.  *See* Order Granting Motion to |
| 2 | Dismiss (Dkt. No. 29).  The Court declined to address Plaintiff's state law claims.  *Id.* |
| 3 | at 6. |
| 4 | On November 30, 2018, Plaintiff amended his complaint in this Court.  *See* |
| 5 | First Amended Complaint ("FAC," Dkt. No. 32).  Defendants answered the FAC and |
| 6 | filed a counterclaim against Plaintiff.  Dkt. Nos. 33-34.  On January 10, 2019, Plaintiff |
| 7 | filed a Motion to Remand.  Dkt. No. 38.  Defendants opposed the motion and |
| 8 | Plaintiffs filed a reply.  Dkt. Nos. 45-47.  The Court deemed the matter appropriate for |
| 9 | decision without oral argument and vacated the hearing scheduled for February 28, |
| 10 | 2019.  *See* Fed. R. Civ. P. 78; LR 7-15.  For the following reasons, the Court |
| 11 | **GRANTS** Plaintiff's Motion to Remand. |

**I.  BACKGROUND**

Plaintiff alleges the following in his FAC.  Dkt. No. 32.  Plaintiff is a resident of California and has been licensed by the State of California to act as a real estate broker since 2003 to the present.  *Id* at ¶3.  Plaintiff filed a Fictitious Business Name Statement and the required forms for approval with the State of California, Bureau of Real Estate, and has acted as a licensed real estate broker under the name of "Malibu Estates" since 2011 and "Malibu Beach Estates" (collectively, "Business Names") since 2014 to the present.  *Id.*

Plaintiff was the first to file a fictitious business name statement in Los Angeles County for the Business Names and is actually engaged in a trade or business utilizing the Business Names.  Plaintiff argues that pursuant to the Business and Professions Code § 14416, Plaintiff is entitled to a presumption that he has the exclusive right to use the Business Names in Los Angeles County.  The FAC alleges that Defendants Sotheby's International Realty, Inc., a Michigan corporation, Marcus Beck, an individual, and DOES 1 through 10, inclusive violated state laws pursuant to sections under the Business and Professions Code through continuous unauthorized use of the Business Names.  *Id.* at ¶¶46-54.  Based on these allegations, the FAC asserts two

causes of action: (1) Business Name Infringement and (2) Unfair Competition. *Id.* Plaintiff seeks injunctive relief, restitution, and costs of the action, together with prejudgment and post-judgment interest. *Id.* ¶2.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

Under the federal question statute, 28 U.S.C. § 1331, the district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), the district court has supplemental jurisdiction over state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). If the district court has dismissed all federal question claims over which it has original jurisdiction, the district court may decline to exercise supplemental jurisdiction over remaining claims. *See* 28 U.S.C. § 1367(c)(3).

"[Supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 388 U.S. 715, 726 (1966). The district court may exercise its discretion as to whether to retain, remand, or dismiss the state claims. *See id.* In determining whether to exercise jurisdiction over a case involving state law claims, the district court "should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of

the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (citing *Gibbs*, 388 U.S. at 726-27).

### III. DISCUSSION

In opposition to Plaintiff's motion to remand, Defendants argue that this Court retains subject matter jurisdiction due to the original federal question claim. Second, Defendants argue that the *Cohill* factors of judicial economy, convenience, fairness, and comity favor retaining jurisdiction over Plaintiff's state law claims in the FAC. The Court declines to retain supplemental jurisdiction for several reasons.

#### A. State Law Claims Substantially Predominate

The Court in *Cohill* stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Similarly, the Court in *Gibbs* stated that "if it appears that the state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.*; *Gibbs*, 388 U.S. at 726. The Court dismissed the sole federal claim over which it had original jurisdiction. This prompted Plaintiffs to request the Court to exercise its discretion, the Court declines to do so. 28 U.S.C. § 1367(c)(3); *see Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) (finding that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed). Only Plaintiff's state law claims remain.

#### B. Judicial Economy, Convenience, Fairness, and Comity Favor Remand

Defendants argue that "[r]emand would unnecessarily require a state court to duplicate the efforts of this Court" and judicial economy favors retaining jurisdiction. Def. Sotheby's Opp'n. to Mot. to Remand, at p. 6. However, this Court declined to

address Plaintiff's state law claims. Were the Court to exercise its discretion, it would still be required to analyze Plaintiff's state law claims under California law and statute. Plaintiff's state law claims have not been adjudicated by any court, and the case remains in the nascent stages of litigation. A trial date has not been set and discovery has not begun. The values of judicial economy would not be further advanced by retaining the case in this Court. The parties may just as fairly and efficiently resolve their state law claims in the state court where this dispute originated. Thus, the factor of judicial economy weighs in favor of remand.

Defendants accurately state that "this Court and the state court are proximately located," and thus, the venue is fair to both parties. *Id.* at 7. It is equally convenient to try this case in state court as federal court. Because the Court dismissed Plaintiff's sole federal law claim and the balancing of the factors weighs in favor of declining to exercise jurisdiction over the remaining state law claims, remand based on convenience is proper. *See Cohill*, 484 U.S. at 350 n.7.

Defendants argue that because "[t]he state law claims at issue are 'substantially congruent' to the [dismissed] Lanham Act claim," comity favors exercising jurisdiction over the remaining state law claims. Def. Sotheby's Opp'n. to Mot. to Remand, at p. 7. "This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994). There is no mention of the actions pursuant to state common law and California Business and Professions Code § 10000, *et seq. See id.* Defendants further argue that "[u]nder Cal. Bus. & Prof. Code § 14411, registration of a fictitious business name grants the registrant a *rebuttable* presumption of the exclusive right to use." Def. Sotheby's Opp'n. to Mot. to Remand, at p. 11. Defendants provide that Beck used the domain www.malibuestates.com as early as 1998 and assert that this earlier use rebuts Plaintiff's presumption. *Id.* Defendants' reliance on its previous domain use may not be sufficient to rebut this

5

presumption.

"The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction" to avoid interference with activities of the states. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). Because Plaintiff filed a Fictitious Business Name Statement and the required forms for approval with the State of California, state court is best suited to determine whether Defendants have met their burden to rebut Plaintiff's presumption of the exclusive right to use the Business Names. The FAC "relies entirely on California law, so considerations of comity weigh in favor of granting remand." *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006.

Lastly, Defendants argue that fairness favors retention because "[r]emand would require the parties to . . . educat[e] a new judge." Def. Sotheby's Opp'n. to Mot. to Remand, at p. 7. However, the remaining state law claims for business name infringement and unfair competition are governed by California common law and statutes. A state court is better situated to determine whether the approval of a fictitious business name statement with the State of California allows a court to enjoin unauthorized use of that name. As mentioned above, the Court declined to address Plaintiff's state law claims, and they have not been properly adjudicated by any court. "[W]hen a court has discretionary jurisdiction over a removed state-law claim and the court chooses not to exercise its jurisdiction, remand is an appropriate alternative." *Cohill*, 484 U.S. at 354-55. State court is notably the appropriate forum to address Plaintiff's remaining claims. Thus, fairness also weighs in favor of remand.

Defendants do not respond to Plaintiff's claim that, "the statute of limitations may have expired on Plaintiff's state-law claims." Pl.'s Mem. of P. & A. in Supp. of Mot. to Remand (Dkt. No. 38-1), at p. 7. The parties do not provide any facts with regard to when the statute of limitations will expire. Thus, this Court does not take the possibility of expiration into consideration. Nevertheless, "[e]ven when the applicable statue of limitations has not expired, a remand may best promote the values

of economy, convenience, fairness, and comity." *Id.* at 353.

### C. Defendants' Federal Counterclaims

It is undisputed that a counterclaim arising under federal law cannot serve as a basis for original jurisdiction in federal court. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831-32 (2002). Defendants argue that their counterclaims for declaratory judgment arising under the Lanham Act should be considered as a factor in deciding whether to exercise discretion to retain jurisdiction. Here, the litigation is straightforward and only involves three private parties. In addition, cases arising under the Lanham Act have concurrent jurisdiction in federal and state courts. *See Duggan's Funeral Serv. v. Duggan's Serra Mortuary*, 95 Cal. Rptr. 2d 253, 257 (Cal. Ct. App. 2000). Thus, this Court will not exercise its discretion to consider Defendants' federal counterclaims.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over the remaining claims and **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: March 12, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE